IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BANESSA M. GRACE,

    Plaintiff,

v.                                    Civil Action No. CV-99-J-1092-S

SPEC GROUP.,

    Defendant.

**MEMORANDUM OPINION**

    This cause comes before this court on defendant's motion for summary judgment (doc. 16). Plaintiff Bannessa M. Grace sued defendant Spec Group alleging hostile work environment sexual harassment, retaliation, termination based on sex discrimination, and negligent training, supervision and retention (doc. 1). The court having considered said motion, all pleadings, memoranda, and evidence finds that defendant's motion for summary judgment is due to be **DENIED** with respect to plaintiff's hostile work environment and retaliation claims and **GRANTED** with respect to plaintiff's termination based on sex discrimination and negligent training, supervision and retention claims.

**Summary Judgment Standard**

    Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the

36

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608

(11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

## Legal Analysis

The court having considered the defendant's motion for summary judgment, all

pleadings, memoranda, and evidence finds that there are genuine issues of material fact with regard to plaintiff's claims for hostile work environment and retaliation. Therefore defendant's motion for summary judgment as to those claims is **DENIED**.

Plaintiff claims she was terminated based on her sex. In order to prevail on this claim, plaintiff must show the employment decision was taken "because of the plaintiff's sex." *EEOC v. Joe's Stone Crab, Inc.,* 220 F.3d 1263, 1273 (11th Cir. 2000). Plaintiff can prove discriminatory intent through direct or circumstantial evidence. *Id.* Direct evidence is evidence from which a reasonable fact finder "could find, more probable than not, a causal link between an adverse employment action and a protected personal characteristic." *Wright v. Southland Corp.,* 187 F.3d 1287, 1293 (11th Cir. 1999). Circumstantial evidence of intentional discrimination may be proved through the familiar *McDonnell Douglas* burden shifting framework. *See Maniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999); *Holifield v. Reno,* 115 F.3d 155, 1564 (11th Cir. 1997). Regardless of whether direct or circumstantial evidence is present, the ultimate question in a sex discrimination case is whether an employment decision was made due to the plaintiff's sex. *EEOC,* at 1273; *Wright v. Southland Corp.,* 187 F.3d 1287, 1293 (11th Cir. 1999).

Plaintiff has not offered any direct evidence that she was terminated due to her sex. Therefore she must establish a prima facie case. *Walker v. Nationsbank of Florida,* 53 F.3d 1548, 1556 (11th Cir. 1995). A prima facie case is established by showing that the employee (1) was a member of a protected class (2) was qualified for the position held (3) was terminated (4) and replaced with a person outside the protected class. *Walker,* 53

F.3d at 1556. Plaintiff has not offered any evidence that her position was filled by someone outside of her protective class. Plaintiff apparently concedes her failure to establish a prima facie claim of sex discrimination as she did not address that claim in her memorandum of law opposing defendant's motion for summary judgment. Because plaintiff has failed to prove there is a genuine issue of material fact regarding this claim, defendant's motion for summary judgment regarding plaintiff's claim for termination based on sexual discrimination is **GRANTED**.

In order to establish a negligent training, supervision and retention claim, plaintiff must show that the defendant's failure to investigate, train or monitor its employees resulted in a harm to plaintiff. *Machen v. Childersburg Bancorporation, Inc.,* 761 So.2d 981, 985 (Ala. 1999). Part of this showing includes proving "'the employer failed to take 'adequate' steps to remedy the situation.'" *Machen*, 761 So.2d at 985 *quoting Potts v. BE & K Constr. Co.,* 604 So.2d 398, 400 (Ala. 1992).

The evidence before this court is that plaintiff's supervisor, Gothard, upon learning of her complaints, ordered her alleged harassor, Gaydash, to not have any contact with plaintiff. (Defendant's Exhibit 7). Following an investigation, Gothard ordered Gaydash to apologize to plaintiff and not have any contact with plaintiff unless another person was present. (Defendant's Exhibit 8). Plaintiff does not allege any harassing behavior took place after Gothard learned of her problems. Plaintiff has failed to prove that Gothard's actions failed to remedy the situation. The court finds that there is no genuine issue of material fact regarding plaintiff's negligent training, supervision and retention claim.

Therefore defendant's motion for summary judgment as it relates to plaintiff's negligent training, supervision and retention claim is hereby **GRANTED**.

Based on the foregoing the court hereby **DENIES** defendant's motion for summary judgment with respect to plaintiff's hostile work environment and retaliation claims and **GRANTS** defendant's motion for summary judgment with respect to plaintiff's termination based on sex discrimination and negligent training, supervision and retention claims.

**DONE** and **ORDERED** this 9 day of February, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE